IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MICHAEL COOK,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. C 12-2336 RS

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In a long series of cases filed in this court over the course of several years, plaintiff Michael Cook has sought to require the Social Security Administration to reissue to him certain Supplemental Security Income ("SSI") checks that were returned to the agency as undeliverable or otherwise never negotiated. While most of the cases Cook filed were dismissed for failure to exhaust administrative remedies, he did obtain some relief at the administrative level during earlier stages of the litigation, leaving only six specific checks now remaining in dispute, all of which were originally issued in 2001 or 2002.

Cook initiated the present case after finally fully exhausting his administrative remedies with respect to his claim that he is entitled to have these six checks reissued. The agency has determined that Cook is *not* entitled to reissuance of the checks because he was incarcerated during the months the checks were originally issued, and therefore was ineligible for SSI payments. Under Social

Security regulations, "a recipient is ineligible for benefits for the first calendar month in which he or she is a resident of a public institution...throughout the calendar month," and "[s]uch ineligibility continues for so long as such individual remains a resident." 20 C.F.R. § 416.1325(a); see also 20 C.F.R. § 416.201 ("public institution" means an institution that is operated by or controlled by the Federal government, a State, or a political subdivision of a State such as a city or county;" "Resident of a public institution" means a person who can receive substantially all of his or her food and shelter while living in a public institution); 42 U.S.C. 1382(e)(1)(A) (resident of a public institution includes inmates of public institutions).  The ineligibility of residents of public institutions for SSI is not punitive; rather, because an individual residing in a public institution is already receiving "substantially all of his or her food and shelter," from the institution, there is no basis to provide in addition SSI payments, which ordinarily are intended to be applied to such necessities.

The parties now bring cross-motions for summary judgment.  Cook's motion makes no challenge to the agency's factual determination that he was incarcerated during the months in question.  Nor does Cook dispute that persons who are incarcerated are ineligible to receive SSI payments.  Instead, Cook merely insists that simply upon issuance of the checks, he obtained ownership or security interests and rights in those checks, under provisions of the Uniform Commercial Code or other legal theories.[1]  Contrary to Cook's belief, however, the agency has no legal obligation to reissue checks that should not have been issued in the first instance.  The agency has discretion to waive its right to recover any overpayment where erroneously issued checks are negotiated, a discretion it exercised in Cook's favor with respect to certain other payments.  Where checks are not negotiated, however, and the agency learns they were issued erroneously from the outset, no principle of law or equity requires the agency to reissue them.  Indeed, reissuing the checks would be an idle act, as Cook would then receive an overpayment, which the agency would then be entitled to recover from him.

---

[1] Cook has articulated his theories in a number of somewhat different ways and has cited various statutes and cases in pleadings and correspondence during the course of these cases. None of his contentions or citations are sufficient to override the principle that he was not entitled to SSI payments for the months in question.

2

No. C 12-2336 RS

Accordingly, Cook's motion for summary judgment must be denied, and defendant's motion granted. The Commissioner's decision is supported by substantial evidence, is free from legal error, and is hereby affirmed. A separate judgment will issue.

IT IS SO ORDERED.

Dated: 3/31/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:

**Michael Cook**
T-79529
Pelican Bay State Prison
Post Office Box 7500
Crescent City, CA 95532

DATED:

/s/ Chambers Staff

Chambers of Judge Richard Seeborg

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL COOK,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY et al,

    Defendant.

Case Number: CV12-02336 RS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 31, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Charles Cook T-79529
Pelican Bay State Prison
P.O. Box 7500
Cresent City, CA 95532

Dated: March 31, 2014

    Richard W. Wieking, Clerk
    By: Lisa R Clark, Deputy Clerk